Dear Representative Steinmetz:
This letter is in response to your question asking whether the board of directors of the Florissant Valley Fire Protection District are authorized to discontinue collection of the ambulance tax without a vote of the taxpayers of the district.
It is our understanding from the facts you present to us that the emergency ambulance service was authorized under Section321.620, RSMo 1969. Such section has now been repealed and has been re-enacted as Section 321.620 by the laws of 1977.
Your question asks whether the district can do away with the five cent tax which has been levied pursuant to the repealed section and presumably abandon the ambulance service authorized by the voters.
The district was authorized by the voters to levy a tax up to five cents on the one hundred dollars assessed valuation. The district is not required to levy the maximum five cent tax however, and may levy a lesser tax if such lesser tax would raise sufficient revenue to provide ambulance service. However, we note that the repealed section contained the provision stating that if a majority of the qualified voters casting votes in such election be in favor of emergency ambulance service and the levy, the district "shall forthwith commence such service." The same provision is continued in the present Section321.620.
We are of the view that such provision applies to such elections held both at the submission by the board of directors or by petition of voters and therefore the effect of such provisions is not dependent upon whether the proposition to establish an ambulance service was originally submitted as a result of a petition by the voters or by the board of directors.
We find no statutory authority for terminating such ambulance service. Senate Bill No. 198, First Regular Session, 79th General Assembly, does provide for the dissolution of certain special purpose districts. However, such dissolution procedure, in our view, is not applicable to the discontinuance of such authorized ambulance service.
Clearly a governmental unit that has been created may not be dissolved by any means other than a procedure established for that purpose. State v. Crismon, 188 S.W.2d 937 (Mo.Banc 1945).
Therefore, we conclude that while the district is not required to levy the maximum authorized five cent tax it is required to furnish emergency ambulance service.
Very truly yours,
 JOHN ASHCROFT Attorney General